IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Criminal No. 7:07-CR-23-BO-5
Civil No. 7:11-CV-174-BO

| | |
|---|---|
| MICHAEL GLOVER ) | |
|     Petitioner ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA ) | |
|     Respondent ) | |

This action was initiated after the enactment and implementation of habeas corpus reforms contained in Title I of the "Antiterrorism and Effective Death Penalty Act of 1996." 28 U.S.C. § 2244 (3)(A) provides that before a second or successive habeas corpus application may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the application.

The petitioner has filed a previous 28 U.S.C. § 2255 claim; therefore this court is without jurisdiction to review the matter until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly this matter is DISMISSED without prejudice for the petitioner to seek authorization to file this application in the Eastern District of North Carolina.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El* v. *Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack* v. *McDaniel,* 529 U.S. 473, 484 *(2000); Rose* v. *Lee,* 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurists would not find this Court's

dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

SO ORDERED this 30 day of August, 2011.

Terrence W. Boyle
United States District Judge