IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-23-5-BO
No. 7:11-CV-174-BO

| | |
|---|---|
| MICHAEL GLOVER,  )<br>      Petitioner,  )<br>      )<br>v.  )<br>      )<br>UNITED STATES OF AMERICA,  )<br>      Respondent.  )<br>_____) | O R D E R |

This matter is before the Court on the Government's Motion to Dismiss Petitioner's motion under 28 U.S.C. § 2255. Petitioner has not responded to the Government's motion, and the matter is now ripe for ruling.

BACKGROUND

Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine and 100 kilograms or more of marijuana and was sentenced on May 13, 2008, to a term of imprisonment of 292 months. The Court allowed Petitioner's first motion under § 2255 insofar as he alleged that his counsel had failed to file a direct appeal despite being told to do so. On direct appeal, the Court of Appeals found that Petitioner had knowingly and voluntarily waived his right to appeal his sentence and that it could find no conclusive evidence with regard to Petitioner's ineffective assistance of counsel claim, which would be more appropriately raised on collateral review. Petitioner subsequently filed a § 2255 motion in this Court alleging that he received the ineffective assistance of counsel.

## DISCUSSION

Specifically, Petitioner contends that his trial counsel provided ineffective assistance in failing to object to the use of cocaine base as part of Petitioner's relevant conduct at sentencing and that trial counsel was ineffective in failing to move for dismissal based on the arrest of law enforcement officers during Operation Tarnished Badge. In order to demonstrate that the assistance of his counsel was ineffective, Petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

With regard to Petitioner's first claim, the Court finds that Petitioner cannot show that counsel provided ineffective assistance by failing to object to the use of cocaine base as part of Petitioner's relevant conduct at sentencing. Under the advisory guidelines, a defendant's offense level determination includes relevant conduct, which may include conduct not charged in the indictment. U.S.S.G. § 1B1.3; *United States v. Young*, 609 F.3d 348, 358 (4th Cir. 2010) ("[r]elevant conduct, under the Guidelines, of course, often includes a broader range of conduct than the conduct underlying the offense of conviction"). A defendant is accountable at

2

sentencing for all acts which occurred during the commission of the offense of conviction and all acts that were part of the same course of conduct or common scheme or plan as the offense of conviction. U.S.S.G. § 1B1.3(a)(1)-(2). The sentencing guidelines specifically note that in a drug distribution case, quantities and types of drugs not included in the offense of conviction may be considered if they were part of the same court of conduct or common scheme. U.S.S.G. § 1B1.3(a)(2); 2D1.1 comment n.12 ("[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level").

Although Petitioner pleaded guilty only to count one of his superceding indictment, which charged Petitioner with conspiracy to distribute and possession with the intent to distribute cocaine and marijuana, activity regarding Petitioner's possession and distribution of crack cocaine was relevant conduct and therefore appropriately included in the calculation of Petitioner's base offense level.[1] Because Petitioner cannot show resulting prejudice, his first claim for ineffective assistance of counsel must fail.

Petitioner's second ineffective assistance of counsel claim is also without merit. Although Petitioner claims that the law enforcement officers who investigated Petitioner and his co-conspirators were targets of Operation Tarnished Badge, a federal investigation of corrupt state law enforcement officers in Robeson County, North Carolina, Petitioner's presentence report reveals that Petitioner was the target of an investigation by the Drug Enforcement Administration, the North Carolina State Bureau of Investigation, the Cumberland County

---

[1] Counsel for Petitioner originally filed an objection to paragraphs 22, 23, and 65 of Petitioner's presentence report, which delineate Petitioner's relevant conduct of selling crack cocaine. Such objections were withdrawn at the sentencing hearing [DE 261; Tr. of May 13, 2008, p. 3 at ¶ 24].

3

Sheriff's Office Bureau of Narcotics, and the Fayetteville Police Department; nowhere mentioned are the Robeson County law enforcement officers who were the subject of Operation Tarnished Badge. Petitioner has made no showing to support his claim nor does he deny that he is in fact guilty of the offense conduct to which he pled. Accordingly, Petitioner's claim that his counsel provided ineffective assistance for failing to move for dismissal in light of Operation Tarnished Badge must fail.

## CONCLUSION

Accordingly, for the reasons discussed above, the Government's Motion to Dismiss is GRANTED. Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby DISMISSED.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and the Government is entitled to dismissal of the petitions, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537

4

Case 7:07-cr-00023-BO   Document 288   Filed 03/16/12   Page 4 of 5

U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

SO ORDERED, this __15__ day of March, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5